**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID L. HODGE, JR., : | |
| : | Civil Action No. 08-4377 (RBK) |
| Petitioner, : | |
| : | |
| v. : | **OPINION** |
| : | |
| JEFF GRONDOLSKY, : | |
| : | |
| Respondent. : | |

**APPEARANCES:**

Petitioner pro se
David L. Hodge, Jr.
Fort Dix FCI
P.O. Box 2000
Fort Dix, NJ 08640

Counsel for Respondent
Neil Rodgers Gallagher
Asst. U.S. Attorney
970 Broad Street
Suite 700
Newark, NJ 07102

**KUGLER**, District Judge

Petitioner David L. Hodge, Jr., a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The sole respondent is Warden Jeff Grondolsky.

Because it appears from a review of the Petition that Petitioner is not entitled to issuance of the writ, the Court will dismiss the Petition.  See 28 U.S.C. § 2243.

I.  BACKGROUND

On March 14, 1995, Petitioner was sentenced in the United States District Court for the Eastern District of North Carolina to a 210-month term of imprisonment, with five years of supervised release to follow.  Assuming Petitioner receives all good conduct time available, his anticipated release date is July 25, 2009.

On or about June 10, 2008, the Unit Teach responsible for Petitioner considered him for placement into a Residential Re-Entry Center ("RRC").  The Unit Team considered Petitioner for review pursuant to the terms of the Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat 657, 692 (2008), which became effective April 9, 2008, and which provided for a maximum 12-month period of pre-release RRC confinement.  The Unit Team recommended Petitioner for an RRC placement of 178 days, to commence sometime between January 27, 2009 and February 25, 2009.

Petitioner filed a Request for Administrative Remedy (Form BP-9) with the warden, requesting an RRC placement of 240 days, which was denied.  Petitioner has not pursued his administrative remedies further.

Petitioner then filed this Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner alleges that "regulations implemented by Bureau of Prisons (BOP) violates Administrative Procedure Act (APA) by categorically excluding

Hodge from eligibility for 12 months Halfway House/Home confinement for having a 'stable release residence, strong family and communal ties, aptitude for college enrollment, and a more than adequate opportunity for employment." Although Plaintiff characterizes his challenge as one to "regulations," he fails to identify the regulation he alleges is unlawful and it is apparent that his challenge is to his RRC placement decision.

Respondents have answered asserting, first, that the Petition must be dismissed for failure to exhaust administrative remedies and, second, that the Petition is meritless. Petitioner has replied that he need not exhaust administrative remedies when his challenge under the Administrative Procedure Act is to a regulation.

## II.  ANALYSIS

Although Petitioner characterizes the Petition as one challenging a regulation, it is apparent that he is challenging the specific decision to schedule him for pre-release RRC placement of approximately 178 days.[1]  He asserts that he is

---

[1] To the extent Petitioner means to challenge a regulation, he fails to identify the regulation at issue.  In <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235 (3d Cir. 2005), the Court of Appeals held invalid regulations at 28 C.F.R. §§ 570.20 and 570.21, which limited pre-release custody to a maximum of six months and which did not allow for full consideration of the placement factors enumerated in 18 U.S.C. § 3621(b).  It is clear from the record that Petitioner's pre-release placement decision was made not pursuant to those invalid regulations but rather pursuant to the terms of the more recent Second Chance Act, which permits pre-release placement of up to twelve months, and an

3

entitled to the same 240 days that several of his fellow inmates have received and he challenges as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," the conclusion that a 178-day period of pre-release confinement was appropriate based upon his "stable release residence, strong family and communal ties, aptitude for college enrollment, and a more than adequate opportunity for employment."

This Court agrees that this Petition is subject to dismissal because Petitioner has not pursued his administrative remedies.[2]

---

implementing Guidance statement, attached as Exhibit 6 to Respeondent's Declaration of Tara Moran, which provides for individualized placements of up to twelve months, based upon consideration of the criteria identified in the Second Chance Act and § 3621, including the resources of the facility being considered, the nature and circumstances of the offense, and the history and characteristics of the inmate.  Accordingly, this Court can perceive no manner in which the invalid and superceded regulations at issue in Woodall affected the pre-release custody decision with respect to Petitioner.  To the extent Petitioner seeks to challenge his pre-release custody decision based upon §§ 570.20 and 570.21, he is not entitled to relief on that claim, as his custody decision was not affected by those regulations.

[2] The BOP Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement."  28 C.F.R. § 542.10.  An inmate must initially attempt to informally resolve the issue with institutional staff.  28 C.F.R. § 542.13(a).  If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted.  28 C.F.R. § 542.14.  An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. 28 C.F.R. § 542.15(a).  The inmate may appeal to the BOP's

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies.  See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F.Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000).  See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where

---

General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response.  Id.  Appeal to the General Counsel is the final administrative appeal.  Id.  If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.

it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

This Court is not prepared to find that exhaustion of Petitioner's administrative remedies would have been futile or that exhaustion would have subjected Petitioner to "irreparable injury." Petitioner's disagreement with the placement decision, that his personal circumstances justify a longer pre-release RRC placement, is precisely the type of issue appropriate for agency creation of a factual record and application of agency expertise. Moreover, Plaintiff's own allegation that he is entitled to the same 240-day pre-release placement as other inmates reflects that the BOP is making placements in excess of six months, based upon individual circumstances. As there is nothing in the record to suggest that the placement decision with respect to Petitioner was based upon now-invalid regulations, Petitioner has failed to establish that exhaustion of administrative remedies would have been futile.

Accordingly, the Petition will be dismissed without prejudice.

III.  CONCLUSION

    For the reasons set forth above, the Petition will be dismissed without prejudice, for failure to exhaust administrative remedies.  An appropriate order follows.

S/Robert B. Kugler  
Robert B. Kugler  
United States District Judge

Dated: 12/18/08